JORGENSON, Judge,
dissenting.
I respectfully dissent.
While the majority correctly posits that a slight delay in filing an amended complaint will not support a trial court’s dismissal of the complaint where the defendant has suf *1309 fered no prejudice, the instant case concerns more than simple tardiness. The record reflects the trial court’s concern that the case had “dragged on” since 1982. The plaintiff had waited until shortly before trial to seek leave to add additional defendants, and the trial court permitted the plaintiff to so amend its complaint. The trial court dismissed the plaintiffs second amended complaint for failure to state a cause of action and allowed the plaintiff thirty days from the date of the hearing on the motion to dismiss to file his third amended complaint. Against this backdrop, the plaintiff’s fourteen-day lapse did not constitute excusable neglect, and the trial court did not abuse its discretion in dismissing the complaint with prejudice. Indeed, the late filing of the third amended complaint “is not a failure to comply with an order of the court, but is a continuing failure to state a cause of action after having commenced the litigation.” Allied Gen., Inc. v. Helliwell, Melrose & DeWolf, 429 So.2d 1287 (Fla. 3d DCA 1988) (Ferguson, J., specially concurring).
For this reason, I would affirm the trial court’s order.